# Fry's Appeal.

1. In distribution of the proceeds of a sheriff's sale of real estate, the costs of the *sale* should be first paid and then the liens divested by the sale paid according to their priority.

2. The costs thus preferred do not include those made in obtaining the judgment, but commence with the issuing the execution to effect the sale.

3. Land was sold on executions but the proceeds were insufficient to pay prior liens. *Held*, that officers' fees for services prior to issuing the executions could not be paid out of the proceeds. They stood on no higher ground than the judgment to which they were attached.

May 5th 1874.   Before AGNEW, C. J., SHARSWOOD, WILLIAMS, MERCUR and GORDON, JJ.

Appeal from the Court of Common Pleas of *Lancaster county:* Of May Term 1874, No. 39.   In the distribution of the proceeds of the sheriff's sale of the real estate of Daniel Breitigam.

On the 19th of November 1872, Levi W. Groff issued a fi. fa. on a judgment in his favor against Daniel Breitigam.   Fi. fas. were issued also on judgments in favor of Martin H. Fry and George Shreiner respectively against Breitigam.   The defendant having waived an inquisition, the land was sold under the fi. fas., and the net proceeds of sale, $1680.32, were paid into court.   Of this sum, $1361.20 were paid to the first and second liens against the defendant.   The third lien was that of Fry ; the fourth, Groff's judgment ; and the fifth, Schreiner's judgment.   The balance of the fund, after deducting the expenses of the audit, was $266.12, and was insufficient to pay Fry's judgment in full.

The costs accrued *before* issuing the fi. fas. were, on Groff's judgment $14.25, and on Shreiner's judgment $14.07.

A rule was awarded to show cause why these sums which had been retained by the sheriff, and, under a rule on him paid into court, should not be paid to Fry, and also a rule to show cause why they should not be paid to the officers to whom the costs were due.

After argument, the court (Hayes, J.) discharged the first rule, and made the second absolute.   It was decreed that the money be paid by the prothonotary to these officers.

Fry appealed to the Supreme Court, and assigned this decree for error.

*A. J. Eberly* and *J. B. Amwake*, for appellant.

*S. B. Eby*, for appellee.

Mr. Justice MERCUR delivered the opinion of the court, May 25th 1874.

In the distribution of money raised by the sheriff's sale of real

[Fry's Appeal.]

estate, the costs of sale should first be paid, and the residue of the fund be applied on the liens divested by the sale, according to their priority.    The costs thus preferred do not include those made in obtaining the judgment, but commence with the issuing of the execution necessary to effect the sale.    In this case the fund was insufficient to pay the liens which were prior to the judgment in favor of Groff, on which the sale was made.    It was therefore error to apply any of the fund in payment of the costs of his judgment made prior to the issuing of the fi. fa.    In decreeing the costs of subsequent judgments to be paid the error is equally manifest. The learned judge appears to have thought, inasmuch as those costs were officers' fees, and the sheriff had collected a fund by a sale of the property of the defendant in the judgments, therefore those fees were collected, and the money was held in trust for the officers entitled to receive it.    The fallacy of this reasoning is in assuming that those fees were collected.    They were not collected. As the fund was insufficient to reach the judgments of which those fees form a part, and the sale was not made on process issued on either of them, no part of those judgments was collected.    Hence the money could not be held in trust for the officers who were entitled to those fees.    The fees for all purposes of the distribution of this fund stood upon no higher ground than other parts of the judgments to which they were attached.

    Decree reversed, and now it is ordered that the record be remitted, with instructions to decree a distribution conformably to this opinion, and that the costs of this appeal be paid by the appellees.